UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------X

REGINALD WIGGINS,

                                                   Plaintiff,                    **VERIFIED COMPLAINT**

                        -against-                                                **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, THE NEW YORK CITY
DEPARTMENT OF CORRECTION, THE NEW YORK
COUNTY DISTRICT ATTORNEY'S OFFICE, NEW YORK
COUNTY DISTRICT ATTORNEY ROBERT MORGANTHAU,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
NEW YORK CITY POLICE OFFICERS JOHN DOES #1-6,
IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY,

                                                   Defendants.
-------------------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.          This is a civil rights, common law, and tort action in which Plaintiff seeks

relief for the violation of his rights secured by the laws of the State of New York; New York

State Constitution; 42 U.S.C. §§ 1983 and 1988; and the Fourth, Sixth, Eighth, and Fourteenth

Amendments to the United States Constitution.  Plaintiff's claims arise from an incident that

arose on or about May 28, 2008. During the incident, the City of New York, The New York City

Police Department ("NYPD"), The New York County District Attorney's Office ("NYCDA")

and The New York City Department of Correction ("DOC") subjected Plaintiff to, *inter alia*,

false arrest, denial of due process, denial of a fair and speedy trial, malicious prosecution,

unreasonable detention, cruel and unusual punishment, and implementation and continuation of

unlawful municipal policies, practices, and customs.  Plaintiff seeks compensatory and punitive

damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. § 1988,

and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2.       This action arises under the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C., §§ 1983 and 1988 and New York State law.

3.       The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), and the doctrine of pendent jurisdiction.

4.       The acts complained of occurred in the Southern District of New York, and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

**JURY DEMAND**

5.       Plaintiff demands trial by jury in this action.

**PARTIES**

6.       Plaintiff, Reginald Wiggins, is resident of the State of New York, New York County.

7.       Plaintiff was sixteen years-old when he was arrested on May 28, 2008.

8.       At all times referred to herein, Defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

9.       Defendant City of New York was the employer of the individual defendants, and is and was at all times relevant to this complaint responsible for the policies, practices and customs of the NYPD and New York City Department of Correction.

10.      At all times alleged herein, defendants, New York City Police Officers John Does #1-6 were New York City Police Officers, who violated Plaintiff's rights as described herein.

2

11.      At all times relevant to this lawsuit, Defendant Officers were acting in the course and scope of their employment and were acting under color of New York State law.

12.      At all times referred herein, Defendant DA Robert Morganthau was the elected District Attorney of New York County.

13.      At all times relevant to this lawsuit, Defendant DA Morganthau, was acting in the course and scope of his employment and were acting under color of New York State law.

14.      At all times mentioned herein, Defendant City of New York, by its agents, servants and employees was responsible for the operation, maintenance and control of District Attorney New York County, and the selection, training supervision , evaluation and disciplining of  Assistant District Attorney's and other employees.

15.      At all times mentioned herein, Defendant DA Morganthau  was the responsible policy maker for  Defendant City of New York, with respect to management of the DABC.

16.      At all times mentioned herein, DA Morganthau, acted on behalf of the Defendant City of New York as a municipal policy maker with final authority to determine evidence, provide and receive proper training and direction with respect to their duty to insure that criminal investigations are conducted diligently and properly, to insure at all times that ADA's act ethically and within the law; to conduct thorough and proper investigations prior to indictment; to act in accordance with the constitution of the United States and;

17.      The individual Defendants are sued in their individual and official capacities.

## FACTUAL ALLEGATIONS

18.     On May 28, 2008, at approximately 6:00 a.m., Plaintiff was at his parents' home in 123 W. 112th Street, Apt. 4W, New York, NY 10026, when four plainclothes Police Officers with the New York City Police Department came to his home.

19.     At about the above place and time, Defendant Police Officers JOHN DOES #1-4 went to Plaintiff's home and searched his home.

20.     Defendant Police Officers JOHN DOES #1-4 did not produce a warrant to search the home.

21.     Defendant Police Officers JOHN DOES #1-4 told Plaintiff to step out of the apartment.

22.     Plaintiff was thereafter searched and handcuffed without any probable cause to arrest him.

23.     Plaintiff was arrested and taken to the 42nd precinct and processed.

24.     Plaintiff was questioned for approximately 7.5 hours by two detectives, Defendant Police Officers JOHN DOES #5-6, about a murder.

25.     Plaintiff was not provided the opportunity to make a phone call or to consult with an attorney.

26.     Plaintiff was forced to participate in a lineup and was not chosen as the perpetrator of any crime.

27.     Defendant Police Officers JOHN DOES #1-6 made false statements to the District Attorney's office in order to charge Plaintiff with a crime he did not commit.

28.     Plaintiff was then brought to Central Booking, New York County without any other corroborating, police arranged, identification procedures administered.

4

29.     Plaintiff was subsequently arraigned in New York County Criminal Court, New York County and charged with Murder in the Second Degree.

30.     Plaintiff pleaded not guilty.

31.     Plaintiff was remanded and transferred to Rikers Island Correctional Facility.

32.     Plaintiff was held at Rikers Island Correctional facility until approximately June 2013.

33.     Within months of his incarceration, Plaintiff was placed in solitary confinement as a teenager at the age of sixteen.

34.     Plaintiff was deprived due process of a hearing prior to being placed in solitary confinement.

35.     The New York City Department of Correction arbitrarily made the decision to send the Plaintiff to solitary confinement.

36.     Plaintiff spent approximately three years in solitary confinement without cause or any objective assessment of whether he posed a security risk to other prisoners or staff.

37.     Plaintiff spent approximately two consecutive years in solitary confinement without cause or any objective assessment of whether he posed a security risk to other prisoners or staff.

38.     While in solitary confinement, Plaintiff was subjected to extreme deprivations of social interaction and basic human needs.

39.     During the course of his incarceration, Plaintiff was deprived meals, outdoor recreation time and use of shower by New York City Correction Officers.

40.     While in solitary confinement, Plaintiff was only allowed out of his cell for one hour per day.

41.     The New York Department of Correction and subordinate officials and personnel were aware that such conditions cause severe psychological and physical harm.

42.     Defendants created and sustained conditions of solitary confinement that subjected Plaintiff to cruel and unusual punishment.

43.     The New York City Department of Correction was responsible for the authorization, implementation, and oversight of the policies and practices pertaining to solitary confinement.

44.     The New York City Department of Correction and subordinate officials and personnel were deliberately indifferent to said harm and ignored the risk of harm to Plaintiff.

45.     Despite knowledge of the risks and harms posed by these policies, practices, and conditions, The New York Department of Correction deliberately failed to take necessary corrective action.

46.     During the course of his incarceration, Plaintiff was deprived of an adequate high school education.

47.     During the course of his incarceration, plaintiff attempted suicide on two separate occasions when he was in solitary confinement at the age of sixteen.

48.     Plaintiff was not given proper medical treatment.

49.     Plaintiff was brought to New York County Criminal Court to appear in his criminal matter approximately fifty times.

50.     On a majority of said court dates, Plaintiff was shackled by the hands, placed in a body chain, and was made to wear a spit mask placed on a bus for transport to the courthouse.

51.     Plaintiff was subjected to full body strip searches on close to one-thousand (1000)  occasions while incarcerated on this case.

52.     The New York County District Attorney's Office sought frequent frivolous adjournments, mainly on the basis that it needed to try the co-defendants case first and/or that they sought the co-defendants cooperation in testifying against Plaintiff.

53.     In 2011, Plaintiff's counsel made a speedy trial motion pursuant to NYS Criminal Procedure Law 30.30 in an effort to dismiss the criminal proceedings.

54.     In 2011, Plaintiff's speedy trial motion was denied.

55.     In October 2011, Plaintiff was arrested after being involved in a physical altercation with another inmate.

56.     Plaintiff made subsequent court appearances on this charge.

57.     In June 2013, Plaintiff was convicted at trial for the above-mentioned assault.

58.     Plaintiff was sentenced to four and a half years for said conviction.

59.     Plaintiff continued to maintain his innocence with respect to the 2008 murder charge.

60.     Plaintiff was transferred to Greenhaven Correctional facility in or around July 2013.

61.     Plaintiff was brought to New York County Supreme Court from Greenhaven Correctional Facility on several occasions.

7

62.     Plaintiff was forced to endure nine hour bus rides to New York County Criminal Court to attend court hearings on the underlying murder case.

63.     On September 23, 2014, Plaintiff pled guilty to Manslaughter in the first degree in exchange for a sentence of twelve years imprisonment.

64.     On October 7, 2014, Plaintiff was sentenced in accordance with the terms of the plea agreement.

65.     The New York County District Attorney's Office unsuccessfully pursued a cooperation agreement with Plaintiff's co-defendant for approximately two and a half years.

66.     Thereafter, the New York County District Attorney's Office spent three years attempting to convict the co-defendant, trying him separately from Plaintiff.

67.     On February 15, 2018 the New York State Court of Appeals overturned Plaintiffs conviction citing a violation of Plaintiffs right to a speedy trial under the Sixth Amendment of United States Constitution, the New York State Constitution, and New York City Criminal Procedure Law Sec 30.30.

68.     Plaintiff was released from custody on February 15, 2018.

69.     The New York County District Attorney's Office prosecuted Plaintiff for approximately six years and five months.

70.     Plaintiff  was confined to City and State custody for approximately nine years and nine months as a result of his initial arrest.

71.     While in custody, Plaintiff was deprived of years without out his family, sleeping in his childhood bed, waking up in his familial home, and his high school education and college education and employment opportunities, amongst other things.

72.     While in custody in 2017, Plaintiff was slashed on his face three times and stabbed once in his neck.

73.     All four injuries were perpetrated by fellow inmates.

74.     Plaintiff was slashed on his face on May 24, 2017 and July 9, 2017, which has resulted in permanent scarring.

75.     Plaintiff has a permanent stab wound on his neck that he sustained on July 21, 2017.

76.     Plaintiff sustained all of these injuries while wrongfully incarcerated at Elmira and Green Haven.

77.     Plaintiff has a scar starting from under his nose going to the right side of cheek.

78.     Plaintiff has a scar on the left side of his face, extending down on an angle to his jaw.

79.     Plaintiff has a scar on the right side of his face starting from his right eye and extending to his right ear.

80.     Plaintiff underwent stitches for all three slashes on his face.

81.     But for The City of New York's malicious prosecution and unreasonably prolonged detention of Plaintiff, the aforementioned permanent scars would not have been sustained.

82.     But for the NYPD's wrongful arrest and malicious prosecution of Plaintiff, the aforementioned permanent scars would not have been sustained.

83.     But for the New York County District Attorney's Office malicious prosecution, denial of a fair and speedy trial, and unreasonably prolonged detention of Plaintiff, the aforementioned permanent scars would not have been sustained.

84.     But for the New York County District Attorney Robert Morganthau's malicious prosecution, denial of a fair and speedy trial, and unreasonably prolonged detention of Plaintiff, the aforementioned permanent scars would not have been sustained.

85.     The City of New York, The New York City Police Department, The New York County District Attorney's Office, and New York County District Attorney Robert Morganthau were the proximate and direct cause of aforementioned permanent scars sustained by Plaintiff when he was wrongfully incarcerated at Elmira and Greenhaven.

**General Allegations**

86.     The aforesaid violations of Plaintiff's rights are not an isolated incident. Defendant City of New York is aware from lawsuits, notices of claim and complaints that many members of the NYPD are insufficiently trained on the proper way to investigate and prosecute crimes.

87.     Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, the City of New York has failed to take corrective action. This failure caused the Defendants to violate Plaintiff's rights and injure plaintiff.

88.     Moreover, defendant City of New York was aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed. Despite such notice, Defendants has retained these individuals, and failed to adequately train and supervise them.

89.     At all times defendant City of New York by the NYPD, New York City Department of Correction and its agents, servants and/or employees, carelessly, and recklessly trained the individual defendants for the position of police officers and/or corrections officers and/or assistant district attorneys.

90.     At all times defendant City of New York by the NYPD, and its agents, servants and/or employees, carelessly, and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendants.

91.     At all times defendant City of New York by the NYPD, New York City Department of Correction, and the New York County District Attorney's Office, and its agents, servants and/or employees caused, permitted and allowed the individual defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

92.     At all relevant times, defendant City of New York, the NYPD, the New York City Department of Correction, and the New York County District Attorney's Office and its agents, servants and/or employees carelessly, and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

93.     The occurrence(s) and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, and/or intentional conduct of defendant City of New York, and the NYPD, New York City Department of Correction, and the New York County District Attorney's Office  and its agents, servants and/or employees, as set forth above, without provocation on the part of Plaintiff contributing thereto, specifically, the reckless manner in

11

which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained the individual defendants.

94.     The individual Defendants acted in concert committing the above-described illegal acts toward Plaintiff.

95.     The aforesaid violations of Plaintiff's Constitutional rights while he was incarcerated at Rikers Island are not an isolated incident.

96.     A multi-year civil investigation conducted by the United States Attorney General's Office and the United States Attorney for the Southern District of New York concluded that there is a pattern and practice of conduct at Rikers Island that violated the rights of adolescents protected by the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

97.     The investigation specifically focused on the treatment of male inmates at Rikers Island between the ages of 16-18, the former being the age that the Plaintiff was when he was first brought to Rikers Island and unconstitutionally placed in solitary confinement.

98.     The investigation found that adolescent inmates are not adequately protected from physical harm due to the rampant use of unnecessary and excessive force by New York City Department of Correction staff.

99.     The investigation determined that the excessive use of solitary confinement for adolescent males is inappropriate and unacceptable.

100.     In addition, the investigation found that DOC places adolescent inmates in solitary confinement at an alarming rate and for excessive periods of time.

101.     The investigation found that DOC fails to adequately discipline staff for using unnecessary or excessive force against the adolescent population.

12

102.    The investigation concluded that DOC fails to provide correction officers with adequate training in appropriate use of force.

103.    The investigation concluded that inmates charged with committing rule violations, even non-violent infractions, have been routinely placed in solitary confinement for extended periods of time.

104.    The Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

105.    At no time prior to, during or after the above incidents were the individual Defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that Plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

106.    The Defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his rights.

107.    As a direct and proximate result of Defendants' actions, Plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

108.    The individual defendants, at times acted in concert, and at times acted independently in committing the aforementioned illegal acts against Plaintiff.

13

109.     The individual Defendants, acted in concert to delay, adjourn and avoid

trial in the May 2008 to unnecessarily delay plaintiff's case, so as to violate plaintiff's

constitutional rights to a fair and speedy trial.

## FIRST CAUSE OF ACTION

### (42 U.S.C § 1983 – FOURTH AMENDMENT – FALSE ARREST)

110.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same

were fully set forth at length herein

111.     Defendant Police Officer John Does #1-6 arrested Plaintiff without

consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that

Plaintiff had committed a crime.

112.     The acts of the Defendants, acting under color of law, in falsely arresting,

unlawfully seizing and imprisoning Plaintiff, and subjecting Plaintiff to the reasonable and

foreseeable consequences of incarceration were done intentionally, maliciously, unlawfully

and/or with a reckless disregard for the natural and probable consequences to Plaintiff, and were

designed to and did cause specific and serious bodily injury, emotional harm and distress, mental

anguish, fear, and pain and suffering to Plaintiff.

113.     The acts and conduct of the Defendant Officers were the direct and

proximate cause of severe physical and emotional injury and damage to Plaintiff, and were a

violation of rights guaranteed to him by the United State Constitution.

114.     Accordingly, Defendants are liable to Plaintiff for false arrest under 42

U.S.C. § 1983, and the Fourth Amendment to the United States Constitution.

## SECOND CAUSE OF ACTION

### (DENIAL OF SPEEDY TRIAL UNDER THE NYS CONSTITUTION)

115.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

116.    The individual Defendant Police Officers and Defendant DA Morganthau are liable to Plaintiff because they intentionally conspired to fabricate evidence against him, including failing to conduct a corporeal lineup, failing to investigate Plaintiff's alibi, fabricating testimony, and concealing exculpatory material depriving him of liberty without due process of law.

117.    Furthermore, the individual Defendant Police Officers and Defendant DA Morganthau violated the law by acting in concert to purposefully delay, adjourn and avoid trial in the May 2008 case - solely to compel a plea of guilty by Plaintiff.

118.    The extraordinary delay in prosecuting Plaintiff's case caused a presumptive prejudice in violation of the NY State constitution and Criminal Procedure Law 30.30.

## THIRD CAUSE OF ACTION

### (DENIAL OF SIXTH AMENDMEND RIGHT TO A FAIR AND SPEEDY TRIAL )

119.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

120.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

15

121.     The individual Defendant Police Officers and Defendant DA Morganthau are liable to Plaintiff because they intentionally conspired to fabricate evidence against him, including failing to conduct a corporeal lineup, failing to investigate plaintiff's alibi, fabricating testimony, and concealing exculpatory material depriving him of liberty without due process of law.

122.     Furthermore, the individual Defendant Police Officers and Defendant DA Morganthau violated the law by acting in concert to purposefully delay, adjourn and avoid trial in Plaintiff's case.

123.     The extraordinary delay in prosecuting Plaintiff's case caused a presumptive prejudice in violation of the Sixth Amendment of the United States Constitution.

## FOURTH CAUSE OF ACTION

### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

124.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

125.     Defendant Police Officers John Does #1-6 and Defendant DA Morganthau are liable to Plaintiff for malicious prosecution of the arrest of May 2008 because prior to any grand jury action, with intent, knowledge, and malice, the Defendants initiated a malicious prosecution against Plaintiff by drafting and signing a sworn criminal court complaint and police reports that provided false information to the court, alleging Plaintiff had committed various crimes.

126.     The individual Defendant Police Officers and Defendant DA Morganthau lacked probable cause to believe the above-stated malicious prosecution could succeed and

instead pursued their prosecution of Plaintiff for an excessive period of time when it was known or should have been known that Defendants lacked evidence to proceed to trial.

127.    The individual Defendants initiating the above-stated malicious prosecution used such to cover up their illegal and unconstitutional conduct and force Plaintiff into confessing to a crime he did not commit.

128.    The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on Plaintiff as he was incarcerated for nine years and nine months for same.

129.    The acts and negligence of the individual Defendants falsely charging, imprisoning and maliciously prosecuting Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause specific emotional harm and distress, mental anguish, fear, pain and suffering in violation of Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

130.    As a consequence thereof, Plaintiff has been injured, and Plaintiff, claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## FIFTH CAUSE OF ACTION

### (MALCIOUS PROSECUTION UNDER STATE LAW)

117.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

118.    Defendant Police Officers John Does #1-6 are liable to Plaintiff for malicious prosecution of his May 2008 arrest, because, pursuant to a conspiracy and acting with malice, the Defendants initiated a malicious prosecution against Plaintiff by knowingly,

intentionally, and maliciously providing false statements to prosecutors and/or the criminal

court(s) alleging Plaintiff had committed various crimes,  maliciously representing to the court

that they would be 'ready' for trial , when in fact, they never were, seeking long, undue,

adjournments of the case to procure a guilty plea from Plaintiff; and based upon these false

statements, prosecutors prosecuted Plaintiff until the case against Plaintiff was dismissed in their

entirety.

> 119.    The individual Defendants lacked probable cause to believe the above-

stated malicious prosecution(s) could succeed.

> 120.    The individual Defendants acted to cover up their illegal and

unconstitutional conduct by initiating the above-stated malicious prosecution(s) and pursuing

said prosecutions despite knowing they did not have the requisite probable cause to successfully

prosecute Plaintiff.

## SIXTH CAUSE OF ACTION

**(41 U.S.C. § 1983 – FOURTH AND FOURTEENTH AMENDMETS - UNREASONABLE DETENTION)**

> 121.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same

were fully set forth at length herein.

> 122.    The individual Defendant Police Officers John Does #1-6 and DA

Morganthau are liable, under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments, to

Plaintiff because Plaintiff had a right to be free from continued detention stemming from the

mishandling or suppression of exculpatory evidence, and the individual Defendants' refusal to

investigate available exculpatory evidence.  Accordingly, the individual Defendants violated

Plaintiff's right to be free from an unreasonable detention and their conduct shocks the

conscience.

123.    Defendants are personally liable for damages because of their unwarranted and unconstitutional acts, including but not limited to : a) ignoring evidence of Plaintiff's innocence; b) failing to investigate and follow up on leads that indicated Plaintiff's innocence – including, failing to confirm the victims identification through a corporeal line-up; and c) intentionally delaying dismissing the case in a timely fashion despite knowing that they could not proceed to trial and/or convict Plaintiff.

124.    Because Plaintiff's arrest and prosecution was obtained through the failure to disclose exculpatory evidence, ignore evidence of plaintiffs innocence, falsifying statements, and failure to investigate exculpatory evidence, no presumption of regularity attaches to any of the Defendants. Defendants' unconstitutional actions and inactions were taken in connection with their investigative functions.

125.    Defendants acted with deliberate indifference to Plaintiff's constitutional rights.

126.    Defendants acted under pretense and color of state law. Their acts were without authority of law and in abuse of their powers.

127.    Plaintiff's injuries were proximately caused by the aforesaid unconstitutional conduct by the Defendants because if not for said unreasonable detention and malicious prosecution by same, Plaintiff would not have been subject to the emotional and physical abuse and torment that Plaintiff endured while incarcerated.

128.    By reason of the foregoing, the defendants are liable to the Plaintiff pursuant to 42 USC 1983 for damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## (42 U.S.C. § 1983 – EIGHTH AMENDMENT)

143.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

144.    Defendants City of New York and New York City Department of Correction violated Plaintiff's constitutional right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments of the United States Constitution by arbitrarily placing him in solitary confinement when he was a minor at the age of sixteen for excessive periods of time.

145.    Plaintiff was subjected to prolonged solitary confinement for three  years.

146.    While in solitary confinement, Plaintiff was deprived basic human needs such as meals, showering, and outdoor exercise.

147.    Before, during, and after the violation of Plaintiff's constitutional rights, The City of New York and New York City Department of Correction were aware of the substantial psychological and physical harm caused by solitary confinement, particularly vulnerable individuals such as Plaintiff, who was a minor.

148.    At all times, Defendants acted with deliberate indifference and in reckless disregard for or knowing violation of Plaintiff's constitutional rights and in ignoring the risk of harm to the Plaintiff by putting him in solitary confinement.

149.    Plaintiff's placement in and conditions of solitary confinement caused him daily mental anguish and pain, and has exposed him to an unduly high risk of psychological harm.

20

150.   At all times, the confinement was arbitrary and without penological justification, and thus resulted in unnecessary and wanton infliction of pain.

151.   The conditions of Plaintiffs' confinement were cruel and unusual and the Defendants were deliberately indifferent to those conditions.

152.   Defendants acted under pretense and color of state law.

153.   Plaintiff's injuries were directly and proximately caused by the aforesaid violations of Plaintiff's rights under 42 U.S.C. 1983, and by the Eighth Amendment to the United States Constitution.

## EIGHTH CAUSE OF ACTION

## (42 U.S.C. § 1983 – FOURTEENTH AMENDMENT)

154.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

155.   Defendants City of New York and New York City Department of Correction violated Plaintiff's constitutional right to Due Process and liberty interests protected by the Fourteenth Amendment in avoiding cruel and unusual conditions of solitary confinement and the length of time he would be subjected to them.

156.   The aforementioned conditions of confinement imposed an atypical and significant hardship on the Plaintiff.

157.   Plaintiff was placed in solitary confinement without a hearing on the matter, denying him due process.

158.   The Plaintiff's solitary confinement was effectively indefinite, and the aforementioned conditions during solitary confinement were severe.

159.   Defendants acted under pretense and color of state law.

21

160.    Plaintiff sustained the damages herein before alleged as a direct and proximate result of the aforesaid violations of Plaintiff's rights under 42 U.S.C. 1983, and by the Fourteenth Amendment to the United States Constitution.

## NINTH CAUSE OF ACTION

## (MONELL CLAIM)

147.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

148.    The aforesaid constitutional violations were proximately caused by one or more policies, practices and/or customs of Defendant City of New York, The New York Police Department, and The New York County District Attorney's Office, including but not limited to suppressing exculpatory evidence and failure to investigate exculpatory evidence.

149.    On information and belief, it was the policy, practice and/or custom of the City of New York, The New York Police Department, and The New York County District Attorney's Office to inadequately and improperly investigate citizen complaints of police misconduct.

150.    The City of New York, The New York Police Department, and The New York County District Attorney's Office were aware of, permitted, tolerated, and were deliberately indifferent to acts of misconduct.

151.    On information and belief, it was the policy, practice and/or custom of the City of New York, The New York Police Department, and The New York County District Attorney's Office of failing to train, supervise and/or discipline police officers and District Attorney's so as to prevent them from delaying the disclosure of, and/or failing to disclose exculpatory evidence, misrepresenting evidence, and failing to investigate exculpatory evidence.

152.    Defendant City Of New York, The New York Police Department, and The New York County District Attorney's Office knew to a moral certainty that its police officers and District Attorneys would confront situations conducive to failing to disclose, and/or failure to investigate exculpatory evidence.

153.    On information and belief, it was the policy and/or custom of the City of New York, The New York Police Department, and The New York County District Attorney's Office of failing to train, supervise and/or discipline police officers and Assistant District Attorneys so as to prevent them delaying criminal prosecutions from proceeding to trial, requesting unwarranted adjournments, and misleading the courts as to the basis of said adjournment requests.

154.    But for the City of New York, The New York Police Department, and The New York County District Attorney's Office deliberate indifference in failing to adequately provide screening, training, supervision and discipline of District Attorneys, the innocent Plaintiff would not have been prosecuted or charged for the crimes he was alleged to have committed. Nor would he have continued to suffer a wrongful incarceration that was further extended as a result of Defendants' failure to acknowledge exculpatory or lack evidence that proved his innocence.

155.    Before, during, and after the violation of Plaintiff's constitutional rights, The City of New York and New York City Department of Correction had a policy, practice, and custom of unconstitutionally placing juveniles in solitary confinement at Rikers Island.

156.    Before, during, and after the violation of Plaintiff's constitutional rights, The City of New York and New York City Department of Correction had a policy, practice, and

custom of unconstitutionally depriving juvenile inmates in solitary confinement of basic human
needs such as meals, showers, and outdoor exercise time.

157.    Before, during, and after the violation of Plaintiff's constitutional rights,
The City of New York and New York City Department of Correction had a policy, practice, and
custom of unconstitutionally depriving inmates of due process by placing them in solitary
confinement without a hearing.

158.    Before, during, and after the violation of Plaintiff's constitutional rights,
The City of New York and New York City Department of Correction had a policy, practice, and
custom of unconstitutionally placing juveniles in solitary confinement for excessive periods of
time.

159.    Such conditions of confinement, particularly for Plaintiff, who was a
minor, are known to cause extreme psychological harm.

160.    Defendants were deliberately indifferent and ignored the risk of harm to
the Plaintiff from solitary confinement and the deprivation of basic human needs caused by its
policies, practices, and customs.

161.    The City of New York, The New York Police Department, New York City
Department of Correction, and The New York County District Attorney's Office, acting under
color of state law, violated plaintiff's rights under the Fourth, Eighth and Fourteenth
Amendments to the United States Constitution.

162.    As a consequence thereof, Plaintiff has been injured and claim damages
under 42 U.S.C. § 1983 for the aforesaid injuries.

## TENTH CAUSE OF ACTION

### (CIVIL RIGHTS VIOLATION)

163.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

164.   The acts and negligence of the individual Defendants, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, mentally abusing, and unlawfully searching, seizing and imprisoning Plaintiff, maliciously prosecuting, unconstitutionally subjecting Plaintiff to solitary confinement as a minor, placing Plaintiff in solitary confinement without due process, depriving Plaintiff of meals, showers and outdoor exercise time in prison, depriving Plaintiff of an education while in prison, were motivated by racial animus (as Plaintiff is African American), were done intentionally, maliciously, unlawfully, with deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering in violation of the Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

165.   As a consequence thereof, Plaintiff has been injured, and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## ELEVENTTH CAUSE OF ACTION

## (NEGLIGENT HIRING, TRAINING, SUPERVISION, DISCIPLINE, MONITORING and RETENTION)

166.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

167.    The City of New York, through its police department, owed a duty of care to Plaintiff to prevent the injuries sustained by Plaintiff. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that injuries to Plaintiff or to those in a like situation would probably result from the aforementioned conduct.

168.    Upon information and belief, the Officer Defendants were unfit and incompetent for their positions as police officers.

169.    Upon information and belief, The City of New York knew or should have known through the exercise of reasonable diligence that the Officer Defendants were unfit and incompetent for their positions as police officers.

170.    Upon information and belief, The City of New York's negligence in hiring, training, disciplining, and retaining the Officer Defendants proximately cause Plaintiff's significant physical and mental injuries.

171.    The City of New York, through the New York County District Attorney's Office, owed a duty of care to Plaintiff to prevent the injuries sustained by Plaintiff. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that injuries to Plaintiff or to those in a like situation would probably result from the aforementioned conduct.

172.     Upon information and belief, Defendant District Attorney Robert Morganthau was unfit and incompetent for his position as District Attorney of New York County.

173.     Upon information and belief, The City of New York knew or should have known through the exercise of reasonable diligence that Defendant Morganthau was unfit and incompetent for his position as District Attorney of New York County.

174.     Upon information and belief, The City of New York's negligence in hiring, training, disciplining, and retaining the Defendant Morganthau proximately cause Plaintiff's significant physical and mental injuries.

175.     New York City Department of Correction owed a duty of care to Plaintiff to prevent the injuries sustained by Plaintiff. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that injuries to Plaintiff or to those in a like situation would probably result from the aforementioned conduct.

176.     Upon information and belief, Defendant, New York City Department of Correction and their servants, agents and/or employees, controlled and supervised Rikers Island.

177.     At all times hereinafter alleged and upon information and belief, New York City Department of Correction and The City of New York failed to properly keep Rikers Island in a reasonably safe condition by allowing the implementation and continuation of unconstitutional policies, practices, and customs.

178.     Defendants, The City of New York and New York City Department of Correction, are liable to Plaintiff because the injuries sustained by Plaintiff were caused solely by, and as a result of the malicious, reckless, deliberately indifferent, negligent, and/or intentional conduct of Defendants, its agents, servants and/or employees.

179.    Upon information and belief, because of The City of New York and New York City Department of Correction's negligent hiring, training, discipline, and retention of unfit agents, servants and/or employees, Plaintiff incurred significant physical and mental injuries.

## TWELTH CAUSE OF ACTION

## (RESPONDEAT SUPERIOR)

180.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

181.    The individual Officer Defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including falsely arresting, assaulting, and battering Plaintiff.

182.    Defendant District Attorney Robert Morganthau was acting within the scope of his employment as a District Attorney of New York County, which is operated, maintained and controlled by the City of New York, when he committed the above described acts against Plaintiff, including maliciously prosecuting the Plaintiff, unreasonably detaining him, and denying Plaintiff his right to a fair and speedy trial.

183.    The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

## THIRTEENTH CAUSE OF ACTION

## (FALSE ARREST UNDER STATE LAW)

184.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

185.    Defendant Police Officer John Does #1-6 arrested Plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that Plaintiff had committed a crime.

28

186.    The acts of the Defendants, acting under color of law, in falsely arresting, unlawfully seizing and imprisoning Plaintiff, and subjecting Plaintiff to the reasonable and foreseeable consequences of incarceration were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiff, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiff of rights guaranteed to him by the laws of the State of New York.

## FOURTEENTH CAUSE OF ACTION

### (FAILURE TO INTERVENE)

187.    Plaintiff repeats and realleged the foregoing paragraphs as if the same were fully set forth at length herein.

188.    By their conduct and acting under color of law, Defendant Police Officers John Does #1-6 each had opportunities to intercede on behalf of Plaintiff to prevent the false arrest and unreasonable seizure, but due to their intentional conduct or deliberate indifference, they declined and/or refused to do so.

189.    By his conduct and acting under color of law, Defendant DA Morganthau had an opportunity to intercede on behalf of Plaintiff to prevent the malicious prosecution and unreasonably prolonged detention of Plaintiff, but due to his intentional conduct or deliberate indifference, he declined and/or refused to do so.

190.    By reason of the above, Plaintiff has suffered physical and psychological injuries.

## FIFTEENTH CAUSE OF ACTION

## (INTENTIONAL/RECKLESS INFLICTION OF EMOTIONAL DISTRESS)

191.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

192.    Defendant Police Officers John Does #1-6 intentionally, knowingly, maliciously, and unlawfully arrested Plaintiff and lodged false charges against him. This conduct was extreme and outrageous.

193.    As a result of the Officer Defendants' actions, Plaintiff suffered extreme and severe emotional distress.

194.    The Officer Defendants knew that such distress was substantially certain to result from their conduct or, at a minimum, were done in a disregard of a substantial probability of causing severe emotional distress.

195.    The City of New York, as the Officer Defendants employer, is responsible for this wrongdoing under the doctrine of respondent superior.

196.    Defendant District Attorney Morganthau intentionally, knowingly, and maliciously prosecuted Plaintiff by drafting and signing a sworn criminal court complaint and police reports that provided false information to the court, alleging Plaintiff committed various crimes.

197.    Defendant District Attorney Morganthau continued to prosecute the Plaintiff for nine years and nine months knowing that the prosecution could not succeed. Subjecting Plaintiff to incarceration, years of which were spent in solitary confinement, while knowing that the prosecution could not succeed is extreme and outrageous conduct.

198.    Defendant District Attorney Morganthau knew that such distress was substantially certain to result from his conduct, or at minimum, was done in a disregard of substantial probability of causing severe emotional distress.

199.    As a result of Defendant District Attorney Morganthau's actions, Plaintiff suffered extreme and severe emotional distress.

200.    Defendant District Attorney Morganthau knew that such distress was substantially certain to result from his conduct or, at a minimum, was done in a disregard of a substantial probability of causing severe emotional distress.

201.    The City of New York, as Defendant Morganthau's employer, is responsible for this wrongdoing under the doctrine of respondent superior.

202.    New York City Department of Correction intentionally, knowingly, arbitrarily, without due process and with deliberate indifference to the consequences thereto, placed Plaintiff in prolonged solitary confinement.

203.    New York City Department of Correction knew of the unduly high risk of psychological harm that the Plaintiff was subjected to and knew that such distress was substantially certain to result from its conduct, or at minimum, was done in a disregard of substantial probability of causing severe emotional distress.

204.    As a result of the actions of the New York City Department of Correction, Plaintiff suffered extreme and severe emotional distress.

205.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

31

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(A)      an order granting compensatory damages in an amount to be determined at trial;

(B)      an order awarding punitive damages against Defendant Police Officers John Does #1-6 and Defendant District Attorney Morganthau in an amount to be determined at trial;

(C)      an order awarding Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

(D)      an order awarding such other further relief as the Court may deem just and proper.


DATED:      New York, New York
            October 4, 2018


                              THE PRESTIA LAW FIRM, P.L.L.C.

            By:

                              _____
                              Paul V. Prestia, Esq.
                              Liakas Law, P.C.
                              65 Broadway, 13th Floor
                              New York, NY 10006
                              212-430-6313